# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:23-cr-00058-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JERMAINE DERRICK CARSON, JR., )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's Motion to Suppress Evidence [Doc. 26] and the Magistrate Judge's Memorandum and Recommendation [Doc. 43] regarding the disposition of that motion.

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendant's Motion to Suppress Evidence.

On February 26, 2024, the Magistrate Judge entered a Memorandum and Recommendation, recommending that the Defendant's Motion to Suppress Evidence [Doc. 26] be denied. [Doc. 43 at 23]. The parties were advised that any objections to the Magistrate Judge's Memorandum and

Recommendation were to be filed in writing within fourteen (14) days of service.

Following requests for extensions, the Defendant timely filed an objection on March 29, 2024. [Doc. 49]. In his Objections, the Defendant contends that the arresting officers unlawfully extended his roadside detention and frisked him for weapons without reasonable suspicion. [Id. at 2].

In arguing that the traffic stop was unlawfully extended, the Defendant cites the testimony of Special Agent Corthell, who at the hearing, testified that while he was preparing the traffic citation, he checked to see if the vehicle was involved in another crime and ran the vehicle owner's criminal history. [Doc. 46: Hearing Transcript at 130-32]. Corthell also testified that he discussed with another officer getting a narcotics-detection dog to the scene while he was writing the citation. [Id. at 61]. While the Defendant argues that these actions by Corthell impermissibly extended the traffic stop in violation of the Fourth Amendment, the officer's checking the history of the car and the car's owner "serve[d] the same objective as enforcement of the traffic code," and therefore were not unlawful extensions of the roadside detention. See Rodriguez v. U.S., 575 U.S. 348, 355 (2015). Furthermore, the evidence supports the Magistrate Judge's conclusion that the officers

developed probable cause (i.e., the smell of marijuana coming from inside the vehicle) within the time reasonably required to issue the traffic citation. See United States v. Palmer, 820 F.3d 640, 649 (4th Cir. 2016) (quoting Illinois v. Caballes, 543 U.S. 405, 407 (2005)).

The Defendant also takes issue with the finding of probable cause, pointing to credibility issues with Corthell's testimony, Corthell's lack of personal knowledge of the smell of marijuana coming from the car, and the unclear timeline of events at the scene. [Doc. 49 at 17]. The facts that the Defendant relies upon in so arguing, however, are immaterial. Although it is unclear from the record exactly when Corthell learned of the marijuana smell, it is clear that while Corthell was writing the traffic citation, another officer detected the smell of marijuana. [Doc. 46 at 165-67]. Therefore, probable cause existed at that point. The Fourth Circuit has made clear that "an officer cannot investigate 'a matter outside the scope of the initial stop' unless he receives the motorist's consent or develops reasonable, articulable suspicion of ongoing criminal activity." Palmer, 820 F.3d at 649-50 (quoting United States v. Digiovanni, 650 F.3d 498, 507 (4th Cir. 2011)). Here, as Judge Metcalf concluded, because probable cause developed while the officers were effectuating the traffic stop, only a few minutes after the stop was

initiated, the duration of the Defendant's roadside detention does not implicate his constitutional rights.

The Court next turns to the frisk of the Defendant. The Fourth Circuit has previously held:

> [I]n connection with a lawful traffic stop of an automobile, when the officer has a reasonable suspicion that illegal drugs are in the vehicle, the officer may, in the absence of factors allaying his safety concerns, order the occupants out of the vehicle and pat them down briefly for weapons to ensure the officer's safety and the safety of others.

United States v. Sakyi, 160 F.3d 164, 169 (4th Cir. 1998). Given that the officers detected the smell of marijuana before patting down the Defendant, the frisk of the Defendant was not in violation of his Fourth Amendment rights.

After careful review of the Magistrate Judge's Memorandum and Recommendation and the Defendant's objections thereto, the Court finds that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby overrules the Defendant's objections and accepts the Magistrate Judge's recommendations.

**IT IS, THEREFORE, ORDERED** that the Defendant's Objections [Doc. 49] are **OVERRULED,** and the Memorandum and Recommendation [Doc. 43] is **ACCEPTED.**

**IT IS FURTHER ORDERED** that the Defendant's Motion to Suppress Evidence [Doc. 26] is **DENIED.**

**IT IS SO ORDERED.**

Signed: May 1, 2024

Martin Reidinger
Chief United States District Judge